## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| Sostenes Govea-Sosa,<br><br>               Plaintiff,<br>v.<br><br>Haster Law Office, P.A.<br><br>               Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their efforts to collect a consumer debt.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.      Plaintiff Sostenes Govea-Sosa is a natural person who resides in the City of North Mankato, County of Nicollet, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Haster Law Office, P.A. (hereinafter "Defendant Haster") is a law firm and a collection agency operating from an address of 6640 Shady Oak Road, Suite

340, in the City of Eden Prairie, County of Hennepin, State of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.  On or before March 13, 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card account with First National Bank Minnesota and it successor in interest US Bank.

7.  This credit card account debt is a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.  On or about June 12, 2009, Plaintiff contacted Lutheran Social Services (herein after "LSS") for financial counseling and assistance in paying off his debts including the US Bank credit card.

9.  Upon information and belief, at the time Plaintiff entered into LSS's program, the total amount due on the card was approximately $17,047.50.

10. Beginning in August 2009, Plaintiff began making monthly payments of $470.00 to LSS, which then forwarded $431 to US Bank.

11. Upon information and belief, Plaintiff, through his payments to LSS, paid $3,487 toward his outstanding balance.

*Hastert Law Office collection activities*

12. Sometime in or before April 25, 2010, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

13. On or about April 25, 2010, Benjamin Drake contacted Plaintiff by telephone, which was its initial communication with Plaintiff.

14. Pursuant to 15 U.S.C. § 1692g(a) within five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector must provide the consumer with a written notice containing information about the amount of the debt, the name of the creditor to whom the debt is owed, a statement about the consumers right to dispute the debt.

15. Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a) until May 26, 2010.

16. Defendant's failure to provide the required notice violated of numerous and multiple provisions of the FDCPA prohibiting harassing, abusive or unfair conduct while attempting to collect a debt, including but not limited to 15 U.S.C. §§ 1692e, 1692f, and 1692g, amongst others.

17. In the initial telephone conversation Drake told Plaintiff that he was attempting to collect the debt on behalf of US Bank and stated that Plaintiff owed over $17,000.

18. Plaintiff disputed the amount of the debt, stating that he had been making regular monthly payments through LSS.

19.   Drake responded by telling Plaintiff that he was "just throwing his money away."

20.   Drake acknowledged that Defendant had received some payments but that the balance was still in excess of $17,000

21.   Drake offered to settle the matter with Plaintiff for 60¢ on the dollar, which would be $10,200.

22.   Drake further offered, that if Plaintiff could come up with $5,000, they could set up a payment plan for the rest.

23.   When Plaintiff asked Drake to send him something in writing about the account and the offer, Drake stated that he couldn't send anything until Plaintiff made an offer to them.

24.   Unsure of what was happening, Plaintiff told Drake that he would have to talk with LSS about his payments.

25.   Drake informed Plaintiff that he had to make a decision by April 30.

26.   This call was a collection communication in violation of numerous and multiple provisions of the FDCPA prohibiting harassing, abusive or unfair conduct while attempting to collect a debt, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) 1692f, and 1692g, amongst others.

27.   On or about April 30, 2010, Drake again attempted to contact Plaintiff by leaving a voice mail message.

28.   In leaving the voicemail message Drake failed to state that the communication was from a debt collector in an attempt to collect a debt, as required pursuant to 15 U.S.C. 1692e(11).

29. On or about May 26, 2010, as part of Defendant's first written communication with Plaintiff, Defendant states that the amount of the debt is $17,211.26, which fails to account for the $3,487 paid toward his outstanding balance, Lutheran Social Services.

30. Defendants demand of an amount in excess of that actually owed and which it knew was in dispute was a violation of numerous and multiple provisions of the FDCPA prohibiting harassing, abusive or unfair conduct while attempting to collect a debt, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f, amongst others.

### *Summary*

31. The above-detailed conduct by Defendants, in connection with its efforts to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

32. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 22, 2010

**BARRY & SLADE, LLC**

By:  **s/Nicholas P. Slade**
Nicholas P. Slade, Esq.
Attorney I.D.#0270787
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
nslade@lawpoint.com

**Attorney for Plaintiff**